UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOROTHY KING JERNEGAN, et al., <br><br> Defendants. | Case No: C 11-02095 <br><br> **ORDER DENYING MOTION TO STRIKE** <br><br> Docket 52 |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") brings the instant action for unlawful interception and broadcast of its program, The Floyd Mayweather v. Shane Mosley Welterweight Championship Fight Program, against Everett and Jones Barbeque Jack London, LLC and its owners John and Dorothy Jernegan (collectively, "Defendants"). The parties are presently before the Court on Plaintiff's motion to strike Defendants' affirmative defenses. Dkt. 52. Defendants oppose the motion. Dkt. 53. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion to strike without prejudice, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.     DISCUSSION**

In the instant motion, Plaintiff seeks to strike Defendants' affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure on the ground that the defenses are legally insufficient. Dkt. 52. In response, Defendants argue, among other things, that

Plaintiff's motion should be denied for failing to meet and confer prior to the filing of the motion. The Court agrees.

Paragraph five of this Court's Standing Orders provides:

> All parties shall meet and confer before filing any motion before the Court. The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement. The Court may disregard any papers submitted that do not comply with this rule.

See Civil Standing Orders ¶ 5, Dkt. 18.

The parties have failed to comply with this requirement, which is essential to the parties' representation that there is a dispute which requires the Court's resolution. Until such time as the parties have met and conferred to discuss the issues, it is premature to conclude that there exists a dispute necessitating the Court's intervention. The meet and confer requirement is essential to conserving the limited time and resources of the Court and the parties by obviating the filing of unnecessary motions. Had the parties met and conferred as required, they may have been able to resolve some or all of the issues presented in Plaintiff's motion. See Wong v. Astrue, 2008 WL 4167507, at *2 (N.D. Cal. 2008) (Armstrong, J.) ("The purpose of the requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources."). Accordingly, because the parties did not meet and confer on the issues presented by the instant motion, Plaintiff's motion to strike is DENIED without prejudice. It is incumbent upon litigants before this Court to familiarize themselves not only with the Local Rules, but also with this Court's Standing Orders. There is simply no excuse for Plaintiff's failure to comply with the meet and confer requirement set forth in this Court's Standing Orders.

## II.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to strike is DENIED without prejudice.

2. The parties shall meet and confer in person or by telephone prior to filing any future motions.

3. This Order terminates Docket 52.

IT IS SO ORDERED.

Dated: 2/5/13

                                              _____
                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge